LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 007491
THE LAW OFFICES OF KRISTINA
WILDEVELD & ASSOCIATES
550 E. Charleston Blvd
Las Vegas, NV 89104
Tel. (702) 222-0007
Fax. (702) 222-0001
Email: Lisa@VeldLaw.com

Attorneys for John Mayol

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>JOHN ELVIS MAYOL,<br><br>          Debtor. | No. BK-S-20-15171 NMC<br>Chapter 7<br><br>**RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION (ECF 67)** |

COMES NOW the Defendant, JOHN MAYOL, by and through his counsel, Lisa Rasmussen, and hereby submits the following response to the Trustee's objection to his claim of exemptions pursuant to 11 USC 522(1) and F. Rule B. Procedure 4003, filed at ECF 67 as follows.

This response is timely filed pursuant to the prior stipulation of the parties in this matter. Debtor files this Response in Opposition to the Trustee's Objections and respectfully asks that the Objections be denied.

Debtor disagrees that he has engaged in any fraud or deceit with regard to any creditor. No creditor has filed objections, yet the Trustee has taken it upon herself to

1

do so. Furthermore, Debtor is not using the Nevada statutory authority applicable to him and available to him in "furtherance of fraud," as the Trustee accuses and alleges.

Debtor does not disagree with the Trustee's jurisdictional and venue allegations.

**1. The Trustee has Made Several Factually Inaccurate Assertions**

The trustee makes eight pages of factual assertions, complaint style. Debtor responds to those statements that are not accurate or that he denies as follows:

- Paragraph 4, page 3. Debtor listed active bank accounts at the time he filed his bankruptcy petition.
- Paragraph 7, page 3. While this statement is factual true, the petition as originally filed contained errors, including, but not limited to the total amount of unsecured debts listed. The petition was in fact later amended to correct this amount.
- Paragraph 9, page 3. The October 15, 2020 Statement of Financial Affairs did not reflect Debtor's 2020 income because Debtor had not yet filed his taxes for the tax year 2020, taxes that were due yesterday (May 17, 2021). So, while the amounts listed for tax years 2018 and 2019 are correct, Debtor's 2020 fiscal year was not complete because he of course had not filed his 2020 tax return in October 2020.
- Paragraph 10, page 4. This is inaccurate. Debtor did state that he sold ATV's in 2019, but not in 2020.
- Paragraph 11, page 4. This allegation is not correct and does not reflect what is listed on the petition.
- Paragraph 18, page 5. This statement is not complete or accurate. Debtor entered into a sales contract for the purchase of his home in 2018. He made an earnest money deposit in 2018 when he entered into the contract. It was a new construction home, so the home was not completed until April 2019, which is when he closed escrow. All other statements in this paragraph are accurate.

2

- Paragraph 22, page 5. Debtor denies that he provided any misleading or false answers to any questions posed by the Trustee.
- Paragraph 26, page 6. Debtor admits that he provided a second declaration but denies that his statements in that second declaration were "contrary to his earlier statements."
- Paragraph 27, page 6. The Trustee's comment that "contrary to his sworn statement he did not remember the amount or source of extra payments" is inaccurate. Debtor disclosed the source, a certificate of deposit and provided documentation of this. The statements were not "contrary to" anything.
- Paragraph 36, page 7. Debtor denies that he did not disclose this withdrawal. He also denies that he has not accounted for the funds. He has repeatedly explained that he was trying to keep his business going.
- Paragraph 40, page 8. Debtor denies that he has made "contrary" statements. The Trustee continues to allege that Debtor has made one statement contrary to another, with no evidence of anything that supports that. These are her opinions and Debtor disputes this "opinion" of the Trustee.
- Paragraph 43, page 8. Debtor disputes that there are any "sham transactions" made for the "purpose of defrauding creditors." Again, Trustee states her opinion with out any evidence to support her conclusion. No creditors have objected to Debtor's filings, yet the Trustee has single-handedly determined that Debtor is engaged in fraud, sham transactions and deceit. Debtor disputes the Trustees "opinion" of his conduct and/or finances.
- Paragraph 44, page 8. Debtor disputes all of the Trustee's allegations contained in this paragraph.
- Paragraph 50, page 9. Debtor has no idea what the Trustee's "tracing and

3

investigation" required because he has provided all of the information requested by the Trustee.

- Paragraph 52, page 10.  Debtor did make additional principal payments on his mortgage in 2019 prior to COVID-19.  These were mortgage principal payments, not fraudulent transfers dreamt up one year in advance of a worldwide pandemic that no one could anticipate would impact the United States in March 2020.
- Paragraph 55, page 10.  Debtor denies that he has made principal payments on his mortgage for any improper purpose, including the unsupported allegations of the Trustee that he did so to harass, hinder, delay or defraud his creditors.
- Paragraph 56, page 10.  Debtor does not believe that the Trustee is entitled to an order disallowing his claimed homestead exemption in the amount of $67,184.

**2. The Trustee's Rationale that Badges of Fraud Exist and Therefore the Homestead Exemption Should be Denied Is Not Persuasive**

Under Section 522(0(4) the Trustee must prove that any portion she seeks to exclude from a homestead exemption is the result of conduct of the Debtor specifically done with the intent to hinder, delay or defraud a creditor.

The Trustee cites a 2005 8th Circuit case for her proposition that "badges of fraud" are present in Debtor's case. *Addison v. Seaver (In re Addison)* 540 F.3d 805 (8th Cir. 2008).  First, in *Addison*, the Debtor instructed his wife to make a voluntary additional principal payment of $11,500 to their mortgage loan right before he filed bankruptcy. They also transferred non-exempt funds to IRAs and made payments to college savings accounts.  Although the bankruptcy court determined that there was evidence of an attempt to hinder, delay or defraud by the Debtor in *Addision*, the Eighth Circuit reversed the bankruptcy court stating that there was not sufficient evidence of fraud as

4

alleged by the Trustee. Id, at 813. The court noted that while the bankruptcy court's underlying factual findings were not clearly erroneous, they did not identify any "extrinsic evidence of fraud" and that in the absence of such evidence, the court's determination of "intent" constituted clear error. Id at 814. The Eighth Circuit also found that the IRA payments were allowable but upheld the bankruptcy court's finding with the regard to the college savings plan payments.

In reviewing the factors set forth in *In Re Stanton*, 457 B.R. 80, 92-92 (Bankr. D. Nev. 2011), none of them apply to this Debtor or this case. Not a single one of the 11 factors listed apply. All of these cases are pre-COVID. The COVID-19 pandemic caused an economic crisis for many sectors of our community. The fact that Debtor made additional principal payments to his mortgage shortly after he closed on his home in June of 2019 is not evidence of a fraudulent bankruptcy petition or exemption request post-COVID in October 2020.

There is simply nothing to support the Trustee's position here.

The Trustee's request to limit the homestead exemption to $170,350 should be denied for the same reasons.

For each of the reasons set forth herein, it is respectfully requested that this Court overrule the Trustee's Objections to Debtor's homeowner exemption.

DATED: May 18, 2021.            Respectfully submitted,

**THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES,**

/s/ *Lisa A. Rasmussen*
LISA A. RASMUSSEN, ESQ.
NEVADA BAR NO. 7491
ATTORNEYS FOR JOHN MAYOL

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a copy of the foregoing, RESPONSE TO OBJECTIONS TO CLAIM OF EXEMPTION, upon all persons registered to receive service via CM/ECF, including, but not limited to:

| | |
|---|---|
| Jacob Houmand, Esq. | jhoumand@houmandlaw.com |
| Bradley Sims, Esq. | bsims@houmandlaw.com |

on this 18th day of May, 2021.

/s/ Lisa A. Rasmussen
_____
Lisa A. Rasmussen, Esq.